UNITED STATES DISTRCIT COURT
EASTERN DISTRICT OF LOUISIANA

**CORRIE EVANS**                                                                                          **CIVIL ACTION**

**VERSUS**                                                                                                   **No. 12-835**

**EXCEL CONTRACTORS, INC.**                                                                 **SECTION I**

## ORDER AND REASONS

Before the Court is a motion[1] to dismiss filed by the defendant, Excel Contractors, Inc. ("Excel"). Plaintiff, Corrie Evans, *pro se*, has not filed an opposition. For the following reasons, the motion to dismiss is **GRANTED.**

### *BACKGROUND*

Evans alleges that his employer, Excel, terminated him based upon his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (hereafter, "Title VII") and the Fifth Amendment.[2] On November 13, 2009, Evans filed a charge of discrimination with United States Equal Employment Opportunity Commission ("EEOC").[3] On November 10, 2011, the EEOC issued a Dismissal and Notice of Rights letter in response to his charge of discrimination.[4] The letter advised plaintiff in bold letters that he had ninety (90) days from receipt of the letter to file a private suit in state or federal court.[5]

---

[1] R. Doc. No. 5.

[2] R. Doc. No. 1.

[3] *Id.*

[4] *Id.*

[5] *Id.*

1

On April 9, 2012, Evans filed this lawsuit alleging that Excel terminated him based upon his race in violation of Title VII and the Fifth Amendment.[6] Although Evans attached a copy of the Dismissal and Notice of Rights letter to his complaint, he did not allege the date that he received the letter.[7] Excel filed this motion to dismiss the complaint on the grounds that it is untimely and fails to state a claim upon which relief can be granted.[8]

## *STANDARD OF LAW*

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007); *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzalez v. Kay:*

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 550 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

---

[6] *Id.*

[7] *See id.*

[8] R. Doc. No. 5.

2

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). However, the court may consider attachments in the plaintiff's complaint. *See Blackstone v. Chase Manhattan Mortg. Corp.*, 802 F. Supp. 2d 732, 735-6 (E.D.La. 2011) (Vance, J.). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey,* 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan,* 308 Fed. Appx. 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986)). Furthermore, "[i]t is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).

## *DISCUSSION*

### I.  Plaintiff's Claims under Title VII

Evan's claims under Title VII must be dismissed because they were not filed within the ninety-day limitation period. "Title VII provides that claimants have ninety days to file a civil action after *receipt* of such a notice from the EEOC." *Taylor*, 296 F.3d at 379 (citing *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982))(emphasis in original). "When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *Taylor*, 296 F.3d at 379. The requirement to file within ninety days is strictly construed. *Id.* (citing *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986).

In this case, the EEOC mailed the Dismissal and Notice of Rights letter on November 10, 2011. Evans is presumed to have received the letter by November 17, 2012. He had ninety days from that date, or until February 15, 2012, to properly file this lawsuit within the limitations period. Evans did not file his complaint until March 29, 2012, which was 43 days after the limitations period closed. Because Evans failed to file his complaint within the ninety day limitations period, his Title VII claims must be dismissed.

## II. Plaintiff's Claims under the United States Constitution

Evans also failed to state a claim under the United States Constitution. As Excel notes, it is well-settled that a claim for violations of the Constitution only lies against a government actor, not a private sector employer. *See, e.g., Blackmon v. Wal-Mart Stores, Inc.*, No.08-25, 2009 WL 2462568, at *6 (N.D. Miss. Aug. 10, 2009) ("Plaintiff concedes that her 'equal protection' claims are not appropriate as this case involves a private employer's practices."). Evans has not alleged that Excel was a governmental actor or that the alleged violation of his constitutional rights resulted from action taken under color of law. He alleges, instead, that he was unlawfully terminated from his employment with a private employer. Accordingly, Evans's claims under the United States Constitution must be dismissed.

### *CONCLUSION*

**IT IS ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, June 26, 2012.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**